SMITHSON v. CALLAHAN et al.
No. 8589.

United States Court of Appeals
District of Columbia.

Submitted Jan. 11, 1944.

Decided Feb. 28, 1944.

Mr. Harry J. Daly, of Washington, D. C., submitted on the brief for appellant.

Mr. Needham C. Turnage, of Washington, D. C., submitted on the brief for appellees.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

EDGERTON, Associate Justice.

The will of Benjamin E. Smithson created a trust, named a trustee, and gave her broad powers of management. It did not require her to obtain the consent of a court to purchases or sales of trust property. It did not require her to account to a court. She sought and obtained from the District Court certain instructions which are not here material. She also asked the court to approve and ratify her administration of the trust, allow her a commission, accept her resignation, and appoint a new trustee. The court did so. Her successor qualified and gave bond.

This successor trustee, the present appellant, sought and obtained from the court certain instructions as to the meaning of the will. He afterwards asked the court for instructions as to whether he should file an account with the court each year. The court directed him to "file an annual account and report under Local Civil Rule 22." He appeals from that order. The trust is small, and appellant urges that repeated payment of court costs, auditor's fees and attorney's fees would be a serious drain upon it.

Local Civil Rule 22 of the District Court provides that "A fiduciary administering an estate *under supervision of this court,* other than in its probate branch, shall annually within thirty days after the anniversary date of qualifying in his office, file a verified account and report * * *." This rule supersedes former Civil Rule 47, which provided: "Within thirty days prior to the first of May in every year, it shall be the duty of every trustee, committee or receiver, *appointed by this court, and* of every trustee executing or administering any trust *howsoever created* under the order and supervision of this court, other than the probate branch, and all fiduciaries administering any estate in this court, including testamentary trustees, with the single exception of the probate branch, to file with the clerk of the court a report or account."[1]

 It seems clear that the former Rule 47 was broad enough to cover the appellant. But Rule 22 omits much of the language of Rule 47, including "appointed by this court" and "howsoever created." These omissions were apparently intended to exclude from the effect of the new rule some trustees who were covered by the old

[1] Italics supplied.

rule. If so, trustees in appellant's position would seem to be among the ones excluded. In the light of the history of the rule, we think "supervision" implies more than power in the court to intervene, in its discretion, in order to prevent or redress improper action by the trustee; otherwise no trustee "appointed by" the court would be excluded. It implies a duty in the trustee to consult the court before taking action. Accordingly the mere appointment of a substitute trustee, and his choosing to ask the court's instruction in regard to a particular matter, does not bring him within Rule 22.[2] It appears to have been the view of the District Court that Rule 22 applies, of its own force, to a trustee in appellant's position. Kengla v. Federal Bank & Trust Co., Equity No. 57630, unreported, decided by another judge of the District Court on January 9, 1942, is to the contrary, and seems to us to be correct. We do not imply that the court might not, in its discretion, require appellant to file an annual account and report, or subject him even more broadly to its control. Neither do we imply that he might not seek a judicial accounting and settlement for his own protection.[3] If the District Court, upon consideration, thinks that all trustees in appellant's position should be brought within the rule, we suggest that it revise the rule to accomplish that result.

Reversed.

---

[2] Cf. Kenaday v. Edwards, 134 U.S. 117, 125, 10 S.Ct. 523, 526, 33 L.Ed. 853, in which the Court said: "The order appointing a new trustee expressly declared that he should at all times be subject to the control and order of the court touching the trust. His subsequent sale, therefore, of the property was subject to confirmation or rejection by the court."

[3] 4 Bogert, Trusts and Trustees, 1935, § 969; 2 Scott, Trusts (1939) § 260.